### HOFFMAN *v.* MAYOR, ETC., OF CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.* December 31, 1890.)

MUNICIPAL IMPROVEMENTS — MODIFYING ASSESSMENTS — VOLUNTARY PAYMENT — RECOVERY.
    Under the provisions of Laws N. Y. 1880, c. 550, incorporated into the New York City Consolidation Act, §§ 906–911, establishing the assessment commission, and giving it power to revise, vacate, or modify assessments for local improvements,

and to award such relief as shall be just and equitable under the circumstances in each case, the power of the commission extends to assessments originally void, as well as to those voidable merely, and its action is final, except so far as it may be reviewed by *certiorari;* and an owner of property, who has applied ·to the commission to vacate or reduce such an assessment thereon, and has obtained a reduction, and paid the reduced amount, cannot afterwards sue to recover the amount so paid, on the ground that the assessment was wholly illegal. Distinguishing *In re Lange,* 85 N. Y. 307.

Appeal from special term, New York county.

Action by Daniel Hoffman against the mayor, aldermen, and commonalty of the city of New York, to have an assessment on property of plaintiff for building sewers declared void, and to recover the amount paid by him on such assessment. It appeared that plaintiff had previously instituted proceedings before the assessment commission, established by Laws N. Y. 1880, c. 550, to have the assessment vacated or reduced, in which the commission had reduced the assessment 13 per cent., and that plaintiff had paid the reduced amount. He afterwards brought this action, alleging that the assessment was wholly illegal and void. Plaintiff appeals from a judgment for defendants, on trial by the court at special term. On such trial the following opinion was rendered by LAWRENCE, J.:

"Inasmuch as the plaintiff submitted himself to the jurisdiction of the commissioners appointed under the provisions of chapter 550 of the Laws of 1880, (see Consolidation Act, §§ 906–911, both inclusive,) it is too late now, in my opinion, for him to seek to avoid or evade the judgment which those commissioners rendered. That commission was appointed by the legislature for the express purpose of investigating and inquiring into cases of this character, and of affording the appropriate relief. It is nowhere suggested· that it was not competent for the legislature to create such a tribunal, and even if such suggestion were made, the case of *Sill* v. *Village of Corning,* 15 N. Y. 297, would, in my opinion, be a conclusive answer to it. I do not regard the case of *In re Lange,* 85 N. Y. 307, as in point. It was there held that the provisions of the act of 1872, (section 6, c. 580, Laws 1872,) in relation to certain local improvements in the city of New York, authorizing the board for the revision and correction·of assessments·to consider, on the merits, all objections made to any assessment, etc., does not give the board jurisdiction to vacate and set aside an assessment, because of want of power in the corporation to enforce any assessment whatever for the work, and that the appropriate function of that board is to review the judgment and discretion exercised by the board of assessors in distributing·the assessment. The board of revision and correction of assessments was not vested with the power ·to validate any assessment. Its power was limited to revising and correcting. In that respect its functions differed most widely from the board created by the act of 1880. The latter board·was especially created to revise, vacate, or modify any of the assessments for any local improvements, confirmed by the board of revision and correction of assessments before the 9th day of June, 1880, and any assessments for a local improvement confirmed before said date, 'which has been or shall be hereafter confirmed by said board.' Consolidation Act, § 907. Section 908 of the consolidation act (section 2, Act 1880) makes it the duty of the commissioners, or a majority of them, to inquire into the facts and circumstances relating to any assessments to which objections may be made, and to hear the evidence in support of such objections, or in opposition thereto, and during such inquiry and hearing to administer oaths or affirmations to all persons testifying, and, after duly considering the evidence, to determine whether substantial injustice was caused by the confirmation of such assessments or otherwise; and any assessments as to which the commissioners, upon such inquiry, may determine that substantial injustice has been caused by the confirmation of the same or otherwise, may be revised, modified, or vacated by the said commissioners, and

they may award such relief to the respective parties filing such applications as shall be, under the circumstances, and on the evidence presented, just and equitable; and they shall, in determining such relief, consider the fair value of the work done for which the assessment is imposed, and the amount of benefit conferred over and above the damages, if any, caused by the improvement. And by section 911 of the consolidation act (Laws 1880, c. 550, § 6) the said commissioners shall award such relief as in their judgment is just and equitable, in view of the circumstances in each case brought before them, etc., and shall file a certificate, signed by a majority of said commissioners, in the department of finance, specifying the relief awarded by them; and upon such filing the assessment on each lot or parcel shall be revised, modified, or vacated, as in said certificate specified, and the amounts fixed by such certificate, etc., shall thereafter be the extent of the lien upon said lots, etc., in respect of such assessment.

"It will be perceived that the tribunal thus created by the legislature has not only power to revise and modify, but also to vacate, any assessment. Of the power of the legislature to create such a tribunal, as before stated, I think there can be no doubt. The plaintiff having gone before that tribunal, and sought, on substantially the same grounds as he now presents, to obtain a vacation or substantial reduction of the assessment, cannot now repudiate his own act. He is barred by the judgment which the board has rendered. *Embury* v. *Conner*, 3 N. Y. 512, and cases cited at page 522. Again, I think that the whole scope and tenor of the act of 1880, and of the consolidation act, shows that the legislature intended that the action of the commissioners thereby created should be final, except in so far as their action might be reviewed by *certiorari*, as the judgment of any inferior tribunal. Section 897 of the consolidation act provides that no suit or action, in the nature of a bill in equity or otherwise, shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon a title, but owners of property shall be confined to their remedies, in such cases, to the proceedings under this title. The provisions of the act of 1858, as to the vacation of assessments, as amended by the acts of 1868 and 1870, are continued in sections 898 to 901 of said act. Then, by sections 901 and 902, application to vacate assessments are confined to proceedings commenced within certain periods in the statute mentioned. Then, by section 903, it is provided that no court shall vacate or reduce any assessment, in fact or apparent, confirmed after June 9, 1880, whether void or voidable, etc., otherwise than to reduce such assessments to the extent that the same may be shown, by parties complaining thereof, to have been in fact increased in dollars and cents by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value of an actual local improvement, with the interest from the date of confirmation, be disturbed for any cause. After these provisions of the consolidation act come the sections providing for commissioners to revise, vacate, or modify any assessments, to which I have already adverted. It seems clear to me that the legislation in question was designed to afford a complete scheme of relief for all parties who were or claimed to be aggrieved by void or voidable assessments. The proceedings to vacate the assessments were defined and limited, and a board was created to pass upon all questions, with power to revise, vacate, or modify. That that power was intended to govern in regard to assessments which were originally void, as well as voidable, is, I think, clear from the sections of the consolidation act to which I have referred. It may be that the plaintiff in this case could not have been compelled to go before these commissioners. It is not necessary to decide that point; but, having gone before them, he cannot now seek to substantially set aside or circumvent their judgment. Numerous cases seem to me to support the views which are here expressed, but I shall refer only to the recent case of *Spencer* v. *Merchant*, 100 N. Y. 585, 3

N. E. Rep. 682, wherein it was held that the legislature has the power to determine the amount of a tax for a local improvement, and the property to be assessed therefor, and that its action in these respects is conclusive. If it can determine the amount of the assessment, it would seem to follow that it can act through commissioners, and by their agency determine the amount which should equitably be assessed upon parties for an improvement which is technically irregular, or which has been made under proceedings which were in the first instance absolutely void. See remarks of FINCH, J., at page 587, 100 N. Y., and pages 682, 683, 3 N. E. Rep. I am therefore of the opinion that the plaintiff in this case is not entitled to recover, and that the defendants are entitled to judgment dismissing the complaint upon the merits, with costs."

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*James A. Deering,* for appellant. *William H. Clark,* corporation counsel, (*George L. Sterling,* of counsel,) for respondents.

PER CURIAM. For the reasons stated in the opinion of the learned judge in the court below who tried this case, we think his conclusion was right, and the judgment should therefore be affirmed, with costs.